UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| UAL CORPORATION, et al., ) | |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| UNITED RETIRED PILOTS BENEFIT ) | |
| PROTECTION ASSOCIATION, ) | |
| ROGER D. HALL, DENNIS D. DILLON, ) | |
| GERARD TERSTIEGE, ) | |
| EUGENE M. CUMMINGS, ) | No: 05 C 1202 |
| RAYMOND P. FINK, JAMES M. KRASNO, ) | |
| and WILLIAM L. RUTHERFORD, ) | Judge John W. Darrah |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED AIR LINES, INC., et al., ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION AND ORDER

Appellee, United Air Lines, Inc. ("United"), entered into an agreement with the Air Line Pilots Association (the "Pilots Association) to modify the Pilots Association's collective bargaining agreement. As part of the agreement, the Pilots Association agreed that United was not required to maintain a defined benefit pension plan and that, under certain circumstances, the Pilots Association would not oppose United's efforts to terminate the pension plan. Thereafter, United and the Pilots Association sought bankruptcy court approval of the agreements. Appellants, the United Retired Pilots Benefit Protection Association, and certain individual retired pilots – Roger D. Hall, Dennis D. Dillon, Gerard Terstiege, Eugene M. Cummings,

Raymond P. Fink, James M. Krasno, and William L. Rutherford – objected to the agreement. Presently before the Court is United's Motion to Dismiss Appeal of Appellants.

## BACKGROUND

United sought to modify the collective bargaining agreement with the Pilots Association. While United attempted to obtain consensual modifications, it also filed a motion under 11 U.S.C. § 1113 to reject the collective bargaining agreement. The bankruptcy court ruled that Appellants could not appoint an authorized representative for the retired pilots to participate in the § 1113 proceedings. Appellants filed an appeal concerning this issue; that appeal was dismissed.

However, United did not reject the collective bargaining agreement under § 1113. Instead, United and the Pilots Association reached an agreement concerning the modification of the collective bargaining agreement. The agreement provided that:

> In the event [United] seeks judicial approval to terminate the United Airlines Pilot Defined Benefit Pension Plan (the "A Plan") under 29 U.S.C. § 1341(c) following April 11, 2005, then, on and after May 11, 2005, (i) the [Pilots] Association shall waive any claim it may have that the termination of the A Plan would violate the terms and conditions of the existing collective bargaining agreement between [United] and the [Pilots] Association, and (ii) the [Pilots] Association shall not otherwise oppose [United's] efforts to terminate the A Plan under 29 U.S.C. § 1341(c); provided, however, that nothing in this Letter of Agreement shall be construed, deemed, or characterized by [United] as any agreement of any form by the [Pilots] Association that the A Plan should be terminated . . . .

(Letter of Agreement ¶ 4(a)). The agreement further provided that:

2

> The A Plan shall remain in full force and effect unless (i) the bankruptcy court issues an order declaring that the Company has met the requirements for plan termination under 29 U.S.C. § 1341(c)(2)(B)(ii), and (ii) any of the following has occurred: (A) no timely notice of the appeal of the order has been filed, (B) the order has been affirmed following the exhaustion of all appeals; or (C) the Exit Date has occurred and the Plan of Reorganization has become effective without provision for the continuation of any such appeals . . . .

(Letter of Agreement ¶ 4(c)).

The order approving the agreement stated that "[p]ursuant to Section 363 of the Bankruptcy Code [11 U.S.C. § 363], the Revised [Pilots Association] Restructuring Agreement is approved, and the Debtors are hereby authorized to enter into and perform under the [Pilots Association Collective Bargaining Agreement] as modified by the Revised [Pilots Association] Restructuring Agreement." The order further provided that "[u]pon the occurrence of all the conditions to effectiveness in the Revised [Pilots Association] Restructuring Agreement, [United] shall be deemed to have withdrawn, as to [the Pilots Association], their pending motion to reject their collective bargaining agreements pursuant to Section 1113(c) without prejudice."

Appellants objected to this agreement, contending that they were wrongfully excluded from the § 1113 process which could lead to the termination of the contractually vested rights of the retired pilots. On May 11, 2005, over Appellants' objection, the bankruptcy court entered an order approving an agreement between United and the Pension Benefit Guaranty Corporation (the "PBGC"), which allows the PBGC to terminate the Pilots Association pension plan under 29 U.S.C. § 1342.

3

## ANALYSIS

United seeks to dismiss Appellants' bankruptcy appeal of the order approving the agreement between United and the Pilots Association. According to United, that order is not appealable because: (1) it is not a final order, (2) no exceptional circumstances exist to grant Appellants leave to appeal an interlocutory order, and (3) the collateral order doctrine is not applicable.

Section 158 of Title 28 provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). In bankruptcy proceedings, the reviewing court looks at the finality of an order with a "relaxed eye" and interprets the finality requirement more liberally under § 158 than under 28 U.S.C. § 1291. *See In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1298 (7th Cir. 1997).

> Even without a formal termination of the case, a bankruptcy court's order is final and appealable if it (1) resolves all contested issues on the merits and leaves only the distribution of the estate assets to be completed; (2) ultimately determines a creditor's position in the bankruptcy proceeding, even though the administration of the debtor's estate continues; or (3) marks the conclusion of what, but for the bankruptcy, would be the equivalent of a stand-alone suit by or against the trustee.

*BA Leasing Parties v. UAL Corp.*, 2003 WL 22176068, at * 4 (N.D. Ill. Sept. 15, 2003) ("*BA Leasing*") (internal citations and quotations omitted). Appellants argue that the order is a final order because: (1) it approved a settlement agreement; (2) it is the last order concerning a § 1113 proceeding; and (3) the order was, for all practical purposes, the equivalent of an order denying intervention and, therefore, is appealable.

Appellants contend that orders approving settlement agreements are final orders and cites *In re McCoy*, 260 B.R. 863, 867 (Bankr. N.D. Ill. 2001). However, that case further states that

4

"an order approving a settlement is final because it determines the rights of the parties to the settlement." *In re McCoy*, 260 B.R. at 867 (citations omitted). The court further stated that "[a]fter entry of the Order, there was no issue left for future adjudication by the Court, and therefore the Order was indeed final." In contrast, the order approving the settlement in this case leaves open other issues for future adjudication by the bankruptcy court; specifically, whether the pilots' pension plan can be terminated under 29 U.S.C. § 1341.

Appellants also contend that the order was final because it is the last order concerning the 11 U.S.C. § 1113 proceeding and thus resolved a discrete issue: whether the bankruptcy court had authority to take away the retired pilots' contract rights even though they could not participate in that proceeding. This order, though, was not entered pursuant to § 1113 but, rather, was the result of an agreement entered between United and the Pilots Association. Therefore, even if § 1113 permitted Appellants to be represented during the proceedings – which the statute probably does not permit, *see In re UAL Corp.*, No. 05-2061, 05-2093, -- F.3d --, 2005 WL 1243335, at * 3 (7th Cir. May 24, 2005) – that section is inapplicable to the present action.

Appellants next argue the order was final because it was equivalent to a denial of a motion to intervene in the § 1113 proceedings. However, "[n]o appellate opinion holds that a bankruptcy judge's decision whether a given participant in the proceedings is an 'interested party' under § 1113 is equivalent to the denial of intervention . . . ." *In re UAL Corp.*, 2005 WL 1243335, at *1.

Under 11 U.S.C. § 158(a)(3), district courts may, at their own discretion, grant parties leave to appeal non-final orders under exceptional circumstances. Courts in the Seventh Circuit apply the standards set forth in 28 U.S.C. § 1292(b) in determining whether to exercise their

5

discretion under § 158(a)(3). *BA Leasing*, 2003 WL 22176068, at * 5. Section 1292(b) provides for appellate review of interlocutory orders when "the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation." "Generally speaking, leave to appeal an interlocutory order will not be granted absent exceptional circumstances." *BA Leasing*, 2003 WL 22176068, at * 5 (internal quotations omitted).

Appellants argue that there is a controlling question of law as to which there is substantial ground for a difference of opinion concerning the interpretation of 11 U.S.C. § 1113. However, as discussed above, the order was not entered pursuant to § 1113; and Appellants, therefore, have no rights under that section. Furthermore, even if the order was entered pursuant to § 1113, there is no difference of opinion as to Appellants' rights under that statute. An interested party for purposes of Section 1113 is a "'party to that collective bargaining agreement' or a guarantor of that contract." *In re UAL Corp.*, 2005 WL 1243335, at *3. Because of this interpretation,

> Labor and management are free to change their agreements without any complaint by individual workers or pensioners – or for that matter by other third-party beneficiaries, including pension fiduciaries. What labor and management may do voluntarily, the court may accomplish in a § 1113 proceeding. There is no reason to include in the § 1113 proceeding any person or entity whose consent would be unnecessary to a voluntary change in the agreement.

*In re UAL Corp.*, 2005 WL 1243335, at *3. Accordingly, no exceptional circumstances exist which warrant an interlocutory appeal.

Appellants next argue that the bankruptcy court's order is also appealable under the "collateral order" doctrine. Under that doctrine, an order is reviewable if "it is important, not

6

subject to reconsideration in the trial court, distinct from the merits, and unreviewable as a practical matter later." *In re UAL Corp.*, 2005 WL 1243335, at *2. If this appeal only implicated the propriety of allowing Appellants to participate in a § 1113 proceeding, then the collateral order doctrine would provide jurisdiction over the appeal. *In re UAL Corp.*, 2005 WL 1243335, at *2-3. Again, as discussed above, this appeal does not arise from an order modifying a collective bargaining agreement under § 1113; instead, United and the Pilots Association collectively bargained to reach their agreement. Furthermore, even if the issues arise under § 1113, Appellants and other retirees are still receiving their pension benefits and will continue to do so until United seeks to terminate the benefits under 29 U.S.C. § 1341. The Appellants would be entitled to participate in that proceeding and seek review of that decision and, therefore, be able to obtain consideration of the key issue – whether the retirees are entitled to pension benefits. Accordingly, the collateral order doctrine is inapplicable.

## CONCLUSION

For the foregoing reasons, United's Motion to Dismiss Appeal of Appellants is granted.

Date: June 22, 2005

John W. Darrah, Judge
United States District Court